## KROFTA v CLEVELAND RAILWAY CO.

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11590. Decided June 8, 1931

Anderson & Lamb, Cleveland, for Krofta.
Squire, Sanders & Dempsey, for Cleveland
Railway Co.

MAUCK, PJ, MIDDLETON, J, (5th Dist)
and FARR, J, (7th Dist), sitting.

**FARR, J.**

The car was still standing when she reached the side entrance; therefore the motorman would have the opportunity to see her as she passed in front of the car and again when she was at the side of the car. He was in control of the doors and this being a regular car stop it was his duty in the exercise of reasonable care to be on the look-out for intending passengers. It was conceded in the argument of defendant in error that the real issue here is, "did. the motorman see or hear Mrs. Krofta?"

The picture of the car shows rather conclusively that the motorman could have seen Mrs. Krofta as she stood at the door and he certainly could have heard her rap on the door. Especially when the raps were repeated and naturally perhaps a trifle louder the second time than the first, in order to attract the attention of the motorman in which she had failed the first time she rapped.

The construction of the electric car is such as to permit a view by the motorman not only of the street in front but at the sides as well. A motorman occupies a rather responsible position and it is fair to assume that he would be required to see and hear reasonably well.

It is readily apparent that if the motor-

man had opened the doors and permitted Mrs. Krofta to enter, she, of course, would not have been struck by the car. There was, therefore, some testimony to go to the jury relative to the exercise of reasonable care or the want of it by the motorman under the circumstances.

Attention is called to the case of **Ellis & Morton v Insurance Trust Co. 4 Oh St 646,** where Ranney J. observes as follows with reference to directed verdicts:

"In deciding this question, no finding of facts by the court is required, and no weighing of the evidence is permitted. All that the evidence in any degree **tends** to prove, must be received as fully proved; every fact that the evidence and all reasonable inferences from it, conduces to establish, must be taken as fully established. The motion involves not only an admission of all the truth of the evidence, but the existence of all the facts which the evidence conduces to prove. It thus concedes to the plaintiff everything that the jury could **possibly** find in his favor, and leaves nothing but the question whether, as matter of law, each fact indispensable to the right of action has been supported by some evidence. If it has, no matter how slight it may have been, the motion must be denied; because it is the right of the party to have the weight and sufficiency of his evidence passed upon by the jury—a right of which he cannot be deprived and involving an exercise of power for which, without his consent, the court is incompetent."

It may be observed in passing that the foregoing was then and has ever since continued to be a fair statement of the principle of law obtaining in Ohio with reference to directed verdicts.

The case of **Gibbs v Village of Girard, 88 Oh St 34,** is also of interest in this connection.

However, there is a recent re-statement of the rule obtaining in this jurisdiction in **Babbitt v Say, Admr., 120 Oh St 177,** where in the first proposition of the syllabi it is held:

"In the trial of an action for damages for death by wrongful act, upon a motion being made by defendant for a directed verdict at the close of plaintiff's case, upon the ground of the contributory negligence of the decedent, the evidence should be given the most favorable interpretation in behalf of plaintiff, and, if a reasonable inference may be drawn from such evidence, that the decedent was exercising due care, such motion should be overruled * * *."

In the foregoing it is said that the evidence should be given the "most favorable interpretation" in behalf of the plaintiff and if a "reasonable inference" may be drawn from such evidence, that the decedent was exercising due care such motion should be overruled. If, however, it be urged that the rule announced in **Ellis & Morton v Insurance & Trust Co., 4 Oh St 646,** has been modified in **Baking Co. v Middleton, 118 Oh St 106,** still there is sufficient evidence to require the submission of the instant case to the jury.

Therefore to epitomize as to facts; the presumption must be that the motorman was in his proper place; that he had an opportunity to see Mrs. Krofta as she passed in front of his car, and again as she stood with her packages at the side of the car; her having numerous packages might suggest at least that she desired to become a passenger; the construction of the vestibule of the car affording opportunity to the motorman to observe somewhat the sides as well as the front of the street; the fact that he had control of the doors; that the car was at a regular stop where intending passengers might reasonably be expected, and for whom he should have kept a lookout, certainly raises a "reasonable inference" in behalf of plaintiff in error and applying the rule of "most favorable interpretation" in her behalf, the conclusion must be that there was at least some evidence to the jury, as to whether or not the motorman should have seen and heard Mrs. Krofta.

For the reasons given, the trial court erred in sustaining the motion for a directed verdict, and the judgment is reversed and the cause is remanded.

MAUCK, PJ, and MIDDLETON, J, concur.